IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Ryan O'Neil Lansdowne,<br>    Petitioner,<br><br>v.<br><br>Eric D. Wilson,<br>    Respondent. | 1:12cv968 (TSE/IDD) |

## MEMORANDUM OPINION

Ryan O'Neil Lansdowne, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking vacation of his designation as a career criminal and resentencing for his conviction of conspiracy to distribute 50 grams or more of cocaine base in United States v. Lansdowne, Case No. 1:00cr185 (TSE). Petitioner has neither paid the statutory filing fee for this action nor applied to proceed in forma pauperis. For the reasons that follow, this petition must be dismissed without prejudice.

I.

According to the allegations in petitioner's Memorandum of Law (Docket # 2), a ten-count indictment was returned in United States District Court for the Eastern District of Virginia on May 24, 2000, charging petitioner with drug offenses. On August 3, 2000, petitioner entered a negotiated plea of guilty to Count One of the indictment, which charged him with engaging in a conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 846. On October 20, 2000, petitioner was designated as a career criminal pursuant to U.S.S.G. § 4B1.1, and was sentenced to serve 292 months in prison, followed by ten (10) years of supervised release.

On March 9, 2009, petitioner, through counsel, moved for reduction of his sentence pursuant to 18 U.S.C. § 3582 on the ground that the United States Sentencing Commission had amended U.S.S.G. §2D1.1 to lower the offense levels for crack cocaine and that the amendment was retroactive to March 3, 2008. On April 9, 2009, petitioner's motion was granted and his sentence reduced to 262 months. That decision was affirmed on appeal. United States v. Lansdowne, 349 Fed. App'x 862, 2009 WL 3493024 (4th Cir. Oct. 20, 2009).

Thereafter, on January 12, 2011, petitioner submitted a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, arguing that he was entitled to a further sentence reduction. On January 28, 2011, he also filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing that counsel had rendered ineffective assistance in the first § 3582 proceeding by failing to seek a further reduction in sentence. Both motions were denied. United States v. Lansdowne, et al., 1:00cr185 (E.D. Va. Aug. 4, 2011)(Order). In an unpublished opinion issued March 20, 2012, the Fourth Circuit affirmed the denial of the motion for reduction of sentence, and dismissed the appeal as it pertained to the § 2255 motion, holding that petitioner had not made the requisite showing for a certificate of appealability. United States v. Lansdowne, 469 Fed. App'x 234, 2012 WL 924752 (Mar. 20, 2012).

Petitioner filed the instant § 2241 petition on August 29, 2012, arguing that based on the decisions in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S.Ct. 2577 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), his June 19, 1997 Prince William County conviction — which was one of the predicate offenses relied on to designate him as a career criminal under U.S.S.G. § 4B1.1 — no longer qualifies as a valid predicate offense for that status, and hence he claims he is actually innocent of the career criminal designation. Because relief pursuant to 28 U.S.C. § 2255 is unavailable to him at this juncture, petitioner seeks a writ

2

of habeas corpus pursuant to § 2241 vacating his current sentence and requiring that he be resentenced without the career criminal enhancement.

## II.

As the Fourth Circuit has noted, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Specifically, the Fourth Circuit has held that challenges to career criminal designations under U.S.S.G. § 4B1.1 must generally proceed under § 2255. United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008) (holding that relief on a claim of unlawful sentencing as a career criminal was unavailable pursuant to the § 2255 savings clause). Nor can § 2241 be used as a substitute for § 2255 to challenge career criminal designations. Instead, actions pursuant to § 2241 are generally reserved for claims concerning the execution of a sentence. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (noting that "attacks on the execution of sentence are properly raised in a § 2241 petition."). There is, however, an exception. As the Fifth Circuit has stated, "[section] 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (e).

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

3

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333 - 34 (4th Cir. 2000).

Significantly, and contrary to petitioner's argument, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." Vial, 115 F.3d at 1194 n. 5 (internal citations omitted). Rather, it is rendered inadequate only when a petitioner can satisfy the three criteria set out in Jones.

Petitioner, in these circumstances, does not meet the Jones criteria required for invoking § 2241. Specifically, the second element of the test requires a petitioner to show that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Jones, 226 F.3d at 333. Here, petitioner makes no such showing, nor indeed does he even argue, that the <u>conduct</u> underlying his convictions for the predicate offenses that resulted in his classification as a career criminal has been deemed noncriminal by a subsequent change in the law. Instead, petitioner argues only that he should be allowed to proceed under § 2241 because a change in the law has rendered his career criminal sentence enhancement improper.

Although the Supreme Court has not yet considered or decided whether its decision in Carachuri-Rosendo is retroactive to cases on collateral review, the Fourth Circuit has squarely decided this issue, holding that "... Carachuri is a procedural rule. It is, therefore, not

retroactively applicable to cases on collateral review." United States v. Powell, __ F.3d __, 2012 WL 3553630 at * 5 (4th Cir. Aug. 20, 2012). It is also clear from Fourth Circuit authority that petitioner's attempt to invoke § 2241 in this instance cannot succeed, because the § 2255 savings clause does not apply to petitioners who challenge only their sentences. Poole, 531 F.3d at 267 n. 7. Moreover, "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from actual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010). Here, petitioner does not claim to be actually innocent of the predicate offenses used to enhance his sentence; instead, he argues only that those crimes have been reclassified so as not to support a career criminal sentence enhancement. Even assuming, arguendo, that petitioner's argument in this regard is correct, this is not sufficient to trigger the § 2255 savings clause and hence petitioner cannot invoke § 2241.

Accordingly, because petitioner's claim falls outside the § 2255 savings clause, he may not proceed under § 2241. Instead, the instant application must be construed as a successive motion for relief under § 2255. As such, the motion may not be brought unless certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals. See 28 U.S.C. § 2255. Because no such certification has been sought or granted, this petition must be dismissed without prejudice to petitioner's ability to seek such certification from the United States Court of Appeals for the Fourth Circuit.

### III.

For the foregoing reasons, this petition for relief under 28 U.S.C. § 2241 must be dismissed, without prejudice, and petitioner must obtain certification as provided in 28 U.S.C. §

2244 to allow the Court to consider his claim pursuant to 28 U.S.C. § 2255. An appropriate Order shall issue.

Entered this 3rd day of October 2012.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge